**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:24-cv-21082-KMM

---

CARMEN VALDEZ QUINTERO, and all
others similarly situated under 29 U.S.C.
2169(b),

      Plaintiffs,

v.

PUBLIC PARTNERSHIPS LLC,

      Defendant.

---

PUBLIC PARTNERSHIPS LLC,

      Third-Party Plaintiff,

v.

SIMPLY HEALTHCARE PLANS, INC.,
And TANIA QUINTERO in her capacity as
Plaintiff's legal employer,

      Third-Party Defendants.

---

## DEFENDANT/THIRD-PARTY PLAINTIFF PUBLIC PARTNERSHIPS LLC'S MOTION TO DISQUALIFY COUNSEL

Defendant/Third-Party Plaintiff, Public Partnerships LLC ("PPL"), through undersigned counsel, hereby moves to disqualify Jamie H. Zidell, Esq. (hereinafter referred to as "Attorney Zidell") as counsel of record for Third-Party Defendant, Tania Quintero, due to an unwaivable conflict of interest. Attorney Zidell entered an appearance for the Plaintiff

employee, Carmen Quintero ("Plaintiff"), whose Amended Complaint raises wage and hour violations and failure to pay overtime by her employer.  Recently, Attorney Zidell also entered an appearance on behalf of Plaintiff's legal employer, Tania Quintero, who was added to the case as a Third-Party Defendant.  As the representation of both the complaining employee and her employer in the same case presents an inherent conflict of interest, Attorney Zidell should be disqualified from representing the Third-Party Defendant, Tania Quintero, who is also Plaintiff's daughter.

## INTRODUCTION

On July 5, 2024, Plaintiff filed her Amended Complaint asserting claims against PPL for wage violations under state and federal law.  *See gen.* ECF 33.  PPL acts as the payroll provider for Medicaid eligible disabled individuals who decide to hire and employ their own workers in their home, which workers are referred to as Direct Service Workers or DSWs. *See* ECF 42 at ¶ 30.  As all Parties admit, Plaintiff's primary employer is the disabled individual in the relevant Medicaid program, MC[1], who hired Plaintiff as his DSW to work for him where he resided.  *See* ECF 42 at ¶¶ 32, 33.  Plaintiff's tenuous allegations, wholly denied by PPL, is that PPL purportedly acted as Plaintiff's joint employer and allegedly failed to pay Plaintiff for all hours worked including overtime hours simply because PPL processed the payroll as the agent for MC.  *See gen.* ECF 33.

Because the allegations in the Amended Complaint involve failure to pay wages for hours worked, PPL in its Third-Party Complaint (as permitted by Court Order [ECF 41])

---

[1] Pending Court approval of the Parties' Proposed Stipulated Protective Order, the Participant Employer for whom Plaintiff worked will be referred to herein by their initials, "MC", in order to maintain confidential information under the Medicaid program.

added MC's legal representative, Tania Quintero, who acted at all relevant times as Plaintiff's employer. *See* ECF 42 at ¶¶ 34, 35. As Attorney Zidell entered appearances for both Plaintiff as employee and Tania Quintero as her legal employer, Attorney Zidell represents parties on either side of the "v" and whose interests are diametrically opposed. For the reasons discussed below, Attorney Zidell's representation of both employer and employee presents an unwaivable conflict of interest and Attorney Zidell must be disqualified from representing Tania Quintero.

## FACTUAL BACKGROUND

As the Participant Employer ("PE"), MC hired Plaintiff under Florida's Statewide Medicaid Managed Care Long-Term Care Waiver Program (hereinafter referred to as the "Waiver Program") to be MC's DSW. *See* ECF 42 at ¶¶ 33, 34. The Waiver Program is administered at the state level by the Florida Agency for Health Care Administration ("AHCA"). *See* ECF 42 at ¶ 10. AHCA oversees the implementation of this Waiver Program and contracts with various managed care organizations ("MCOs") to do so. *See* ECF 42 at ¶ 16.

The MCOs, through case managers, develop an authorized assessment (also referred to as a Managed Care Plan) with the PE, which assessment details what type of services that PE may receive and the number of hours permitted to be worked by the DSW, under the Medicaid programs. *See* ECF 42 at ¶ 19. Specifically, MCO case managers create, oversee, and implement all assessment plans for every PE which defines the specific job duties to be performed and the amount of permitted Medicaid hours which may be worked by the DSW. *See* ECF 42 at ¶ 20.

On or around March 11, 2019, MC appointed, and Tania Quintero accepted to act as his designated legal representative as the employer through a written agreement entitled the "Employer of Record PDO Agreement" (hereinafter referred to as the "Employer of Record Agreement"). *See* Ex. C to Third-Party Complaint, ECF 42-3 (also attached herein as Ex. A). Tania Quintero has admitted she signed that agreement. *See* ECF 51 at ¶ 35. Accordingly, at all times relevant to the claims made in the Amended Complaint, Tania Quintero acted as the Employer of Record on behalf of MC.[2] Specifically, Tania Quintero agreed she had the legal responsibility of "managing [MC's] services and supports" and is recognized as the "*managing employer of the qualified Direct Service Workers (DSW) hired to provide*" the services, which was her mother, the Plaintiff. *See* Ex. A (emphasis supplied).

In her role as legal employer, Tania Quintero (1) entered into a written employment agreement dated March 11, 2019, with Plaintiff as the DSW for MC; (2) executed employment application forms with Plaintiff such as the I-9 form; (3) facilitated execution of all Medicaid program forms, and (4) authorized all weekly hours recorded by Plaintiff. *See* ECF 42 at ¶ 35. Under the Employer of Record Agreement she bore responsibility for "Establish[ing] a mutually agreeable schedule for the DSW, that meets [MC's] needs" and also agreed to "[c]ontact [MC's] case manager to request a new assessment or to change [MC's] plan of care as [his] needs and goals change." *See* Ex. A at ¶¶ 7, 12.

On the same day that she executed the Employer of Record Agreement, Tania Quintero also signed the "Participant Direction Option Representative Agreement"

---

[2] Any dispute about actions Tania Quintero took as the Employer of Record is for a trier of fact to determine.

(hereinafter referred to as the "PDO Representative Agreement").  *See* Ex. B to Third-Party Complaint, ECF 42-2 (also attached herein as Ex. B).  As the Employer of Record for MC, Tania Quintero agreed to be responsible for each and every obligation of the employer by initialing sixteen (16) specific employer tasks to be performed.  Notably, she agreed to ensure (1) that Plaintiff did not work more hours than those hours approved on the Managed Care Plan for MC; (2) that Plaintiff's timesheets were accurate; and (3) that she would contact MC's case manager to seek approval for additional hours if required. *See* Ex. B ¶¶ 2, 7, 9. Pursuant to both of these employer agreements (*i.e.*, the Employer of Record Agreement and the PDO Representative Agreement), Tania Quintero was required to ensure that Plaintiff did not work more hours than approved by the MCO as part of their assessment.  Stepping into this role made sense for Tania Quintero as she lived in MC's home alongside Plaintiff, and was therefore able to observe hours worked by Plaintiff and was obligated to contact MC's case manager to effectuate any changes in hours under his assessment, if such a need arose.

Under MC's assessment, Plaintiff was authorized by the MCO to work approximately between 12 to 16 hours per week and she recorded work hours consistent with the hours permitted under the MCO assessment for the entire time she worked for MC in the PDO.  *See* ECF 42 at ¶ 40.  All recorded hours worked by Plaintiff were approved each and every week by MC and/or by his legal representative, Tania Quintero.  *Id.*  However, in her Amended Complaint, Plaintiff alleges that she routinely worked hours significantly in excess of her approved 12-16 hours per week.  *See* ECF 33 at ¶ 15.  Specifically, Plaintiff alleges that she routinely worked upwards of 108 hours per week.  *Id.*  Consistent with her obligations as

MC's legal representative, Tania Quintero was required to ensure that Plaintiff did not work such alleged excess hours prior to seeking approval from the case manager.

**LEGAL ARGUMENT**

I.  **The Rules Regulating the Florida Bar Prevent Attorney Zidell From Representing Tania Quintero in this Case.[3]**

Tania Quintero admits at all times that she acted as Plaintiff's legal employer, and Attorney Zidell's simultaneous representation of both the interests of Plaintiff's employer as well as Plaintiff the employee constitutes an inherent conflict. A lawyer cannot ethically represent a client when that representation would be directly adverse to another client or where there is a substantial risk that the representation of a client will be materially limited by the lawyer's responsibilities to another client. *See* R. Regulating Fla. Bar 4-1.7(a). While some conflicts can be waived by informed consent, others cannot. *See* R. Regulating Fla. Bar 4-1.7(b). Here, Tania Quintero cannot waive the conflict presented by Attorney Zidell's representation of both herself and Plaintiff.

Rule 4-1.7(b) of the Rules Regulating the Florida Bar governs conflicts between current clients and requires that four provisions must be met for a conflict to be subject to waiver:

---

[3] PPL has standing to seek disqualification of Attorney Zidell as counsel for Tania Quintero in this case. Opposing counsel may seek counsel's disqualification where a conflict of interest "clearly calls into question the fair or efficient administration of justice." *Boca Raton Reg'l Hosp., Inc. v. Williams*, 230 So. 3d 42, 45 (Fla. 4th DCA 2017); *see also Pagidipati v. Vyas*, 353 So. 3d 1204, 1211 (Fla. 2d DCA 2022) (internal citations omitted) (noting "where a conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question."). A conflict of interest may "clearly call into question the fair or efficient administration of justice" where the conflict involves "simultaneous representations." *Pagidipati*, 353 So. 3d at 1211.

(b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

R. Regulating Fla. Bar 4-1.7(b).

All four prongs must be satisfied before a conflict can be waived.  If a conflict is not subject to waiver, a lawyer cannot properly seek a client's consent to the conflict, nor may the lawyer provide representation on the basis of the client's purported consent.  *See* Comment to R. Regulating Fla. Bar 4-1.7: *Consultation and Consent* ("A client may consent to representation notwithstanding a conflict.  However, as indicated in subdivision (a)(1) with respect to representation directly adverse to a client and subdivision (a)(2) with respect to material limitations on representation of a client, when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent.").  When a lawyer is representing more than one client, the question of waiver must be resolved as to each client.  *Id*.

In this case, Attorney Zidell cannot adequately protect the interests of both Plaintiff and Tania Quintero because it is abundantly clear that Attorney Zidell's representation of both individuals will require the assertion of a position adverse to one another in violation of Florida Rule 4-1.7(b)(3).

**II. Attorney Zidell Has Presented Conflicting Arguments/Defenses on Behalf of His Two Clients, the Employee and Her Employer.**

Specifically, Attorney Zidell cannot represent both the employee (Plaintiff) whose interest are directly opposed to the employer (Tania Quintero). It is axiomatic that a lawyer, even with informed consent, cannot represent "both clients in the same proceeding" when the representation of one client would involve the assertion of a position adverse to the other client. *See* R. Regulating Fla. Bar 4-1.7(b)(3); *see also Anheuser-Busch Companies, Inc. v. Staples*, 125 So. 3d 309, 310 (Fla. 1st DCA 2013) (affirming trial court's order disqualifying counsel where it was "unreasonable for [counsel] to believe that it would be able to provide competent and diligent representation to [Petitioners and Respondent's employer] . . . because the representation of Petitioners involved the assertion of a position adverse to Respondent's employer."); *see also In re Captran Creditors Tr.*, 104 B.R. 442, 445 (Bankr. M.D. Fla. 1989) (granting motion to disqualify counsel where counsel's representation of each affected client would require counsel to assert "incompatible positions.").

This prohibition against concurrent adverse representation is based on two principles. "First, a client is entitled to his lawyer's 'undivided loyalty' as his 'advocate and champion,' . . . . Second, a lawyer should never place himself in a position where a conflicting interest may, even inadvertently, affect the obligations of an ongoing professional relationship." *Hilton v. Barnett Banks, Inc.*, 94-1036CIV-T24(A), 1994 WL 776971, at *3 (M.D. Fla. Dec. 30, 1994).

The conflict here is clear. Attorney Zidell's representation of Plaintiff naturally requires Attorney Zidell to argue that Tania Quintero, as the legal employer on behalf of MC, <u>is</u> liable for Plaintiff's claims, while Attorney Zidell's representation of Tania Quintero in her

8

capacity as Third-Party Defendant will naturally require Attorney Zidell to argue that Tania Quintero, *qua* legal employer of MC, is not liable for Plaintiff's claims.  In fact, Attorney Zidell has already joined this conflict by asserting affirmative defenses on behalf of Tania Quintero, specifically that as MC's legal representative he could never be liable as an exemption applies to him under the FLSA, thereby depriving Plaintiff of possible recovery against her primary employer.  *See* ECF 51 at ¶¶ 5-7 of Affirmative Defenses.  Ironically, Attorney Zidell raises affirmative defenses under Florida state law that a pre-suit notice (on behalf of Carmen Quintero whom he also represents) was not served on Tania Quintero as well, thereby presenting directly opposing interests between the two clients he currently represents. *See* ECF 51 at ¶ 8 of Affirmative Defenses.

At the trial in this matter, Attorney Zidell will need to address Tania Quintero's role as MC's legal representative whereby Tania Quintero as the Employer of Record for MC (1) authorized all weekly hours recorded by Plaintiff; (2) ensured that Plaintiff did not work more hours than approved by the MCO as part of MC's assessment; (3) had the authority to request additional hours be added to the assessment if MC's needs required; and (4) needed to raise with the MCO case manager that the Managed Care Plan required more hours than allotted.

Tania Quintero's responsibilities as MC's legal representative therefore directly conflict with Plaintiff's allegations in her Amended Complaint regarding the number of hours Plaintiff allegedly worked, the extent to which Plaintiff was paid for these alleged hours, and whether there was (or could have been) a modification of the number of hours in the

assessment plan about which Tania Quintero was obligated to consult with the MCO case manager.

Accordingly, Attorney Zidell's representation of Plaintiff and Tania Quintero does and already has involved inherently "incompatible positions," and Attorney Zidell must be disqualified from representing Tania Quintero. *See* R. Regulating Fla. Bar 4-1.7(a)(1) (providing that a lawyer cannot represent "both clients in the same proceeding" when the representation of one client will be directly adverse to the other client).

## CONCLUSION

For the foregoing reasons, PPL respectfully requests that this Court enter an Order (1) granting its Motion to Disqualify Counsel; (2) disqualifying Jamie H. Zidell, Esq. as counsel of record for Tania Quintero; and (3) granting such further relief as this Cout deems necessary, just, and proper.

## CERTIFICATION OF COMPLIANCE

Pursuant to S.D. Local Rule 7.1(a)(3), the undersigned has conferred with Jamie. H. Zidell, Esq., counsel for Tania Quintero as well as counsel for Plaintiff, in a good faith effort to resolve the issues raised in this Motion, to no avail.   Undersigned counsel has also conferred with counsel for Third-Party Defendant, Simply Healthcare Plans, Inc., who has indicated they neither oppose nor consent to the relief sought in the Motion, and do not intend on filing an opposition to the Motion.

Date: October 31, 2024                              Respectfully submitted,

**COZEN O'CONNOR**

By: */s/ Walter M. Foster, Esq.*
     Walter M. Foster, Esq.

Admitted *pro hac vice*
200 State Street, Suite 1105
Boston, MA 02109
Email: WalterFoster@cozen.com
Phone: 617-849-5012
Samuel B. Edelstein, Esq.
Florida Bar No. 1025382
200 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Email: sedelstein@cozen.com
Phone: 786-871-3961
*Counsel for Defendant/Third-Party Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Samuel B. Edelstein*
Samuel B. Edelstein

11