**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:24-cv-21082-KMM

---

CARMEN VALDEZ QUINTERO, and all
others similarly situated under 29 U.S.C.
2169(b),

      Plaintiffs,

v.

PUBLIC PARTNERSHIPS LLC,

      Defendant.

---

PUBLIC PARTNERSHIPS LLC,

      Third-Party Plaintiff,

v.

SIMPLY HEALTHCARE PLANS, INC.,
and TANIA QUINTERO in her capacity as
Plaintiff's legal employer,

      Third-Party Defendants.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL**

Defendant Public Partnerships LLC ("PPL"), through undersigned counsel, hereby files its Reply in Support of its Motion to Disqualify Jamie H. Zidell, Esq. (hereinafter "Attorney Zidell") as counsel of record for Third-Party Defendant Tania Quintero due to an unwaivable conflict of interest.  In support thereof, PPL states as follows:

LEGAL\74162835\1

## I.   PPL Has Standing to Seek Disqualification of Attorney Zidell.

In his opposition to PPL's Motion to Disqualify, Attorney Zidell mistakenly asserts that PPL lacks standing to raise the issue of disqualification.  *See* Electronic Case File ("ECF") 79 at p. 6.  However, the Florida Rules of Professional Conduct clearly confer standing on PPL to seeking disqualification of Attorney Zidell due to the unwaivable conflict of interest presented by Attorney Zidell's simultaneous representation of Plaintiff and Third-Party Defendant, Tania Quintero.

Attorneys engaged in practice before the United States District Court for the Southern District of Florida must comply with the Model Rules of Professional Conduct, as modified by the Florida Supreme Court, which govern the professional behavior of members of the Florida Bar. *See* S.D. Local Rule 11.1(c).  Accordingly, all provisions of Florida's Rules of Professional Conduct, including provisions addressing conflicts of interest between attorneys and clients, apply to the attorneys in this case. *See id.*; *see also Stone v. Bowen*, 17-14050-CIV, 2017 WL 3017709, at *4 (S.D. Fla. July 14, 2017) ("Attorneys in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar.").

Here, PPL has standing to seek disqualification of Attorney Zidell as counsel for Tania Quintero.  Opposing counsel may seek counsel's disqualification where a conflict of interest "clearly calls into question the fair or efficient administration of justice." *Boca Raton Reg'l Hosp., Inc. v. Williams*, 230 So. 3d 42, 45 (Fla. 4th DCA 2017); *see also Pagidipati v. Vyas*, 353 So. 3d 1204, 1211 (Fla. 2d DCA 2022) (internal citations omitted) (noting "where a conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question.").  A conflict of interest may "clearly call into question the fair or

efficient administration of justice" where the conflict involves "simultaneous representations." *Pagidipati*, 353 So. 3d at 1211.

As detailed in PPL's Motion to Disqualify [ECF 65], disqualification of Attorney Zidell as counsel for Tania Quintero is clearly warranted given the conflict of interest stemming from Attorney Zidell's simultaneous representation of Plaintiff and Third-Party Defendant Tania Quintero in Tania Quintero's capacity as Plaintiff's legal employer.  PPL therefore has standing to seek disqualification of Attorney Zidell in the instant matter.

**II.    Attorney Zidell's Opposition Is Premised on a Fundamental Mischaracterization of PPL's Third-Party Claims Against Tania Quintero and Attorney Zidell's Arguments are Therefore Unpersuasive and Unavailing.**

Attorney Zidell is under the mistaken belief that PPL's Third-Party claims against Tania Quintero are based on a theory of joint employer liability.  Specifically, Attorney Zidell erroneously asserts in the introduction to his opposition that "PPL appears to have attempted to delegate its nondelegable FLSA employer duties to Tania Quintero by requiring her to sign the subject documents found at DE 65-1 and DE 65-2, upon which it exclusively relies to support DE 65." *See* ECF 79 at p. 2.  This statement presents a false premise that PPL is a joint employer of Plaintiff, which it is not.  As the remainder of Attorney Zidell's entire argument rests completely on this false premise, the logic and any derivative conclusions from it must fail.

More importantly, PPL's Third-Party Complaint clearly shows it is not attempting to delegate any alleged employer-like duties to Tania Quintero, nor could it under the applicable Medicaid program where Tania Quintero agreed in writing to serve as the legal representative of the employer.[1]  PPL's Third-Party claims are instead based on Tania Quintero's role as the legal

---

[1] Under the Self-Directed Services option, Medicaid regulations provide that the disabled person hiring their own workers can appoint a legal representative (here, Tania Quintero) to act on their

representative for the employer under the Medicaid program which status was confirmed numerous times in writing.  As permitted within the Medicaid program, Tania Quintero (as the legal representative of Plaintiff's admitted employer, MC) accepted responsibility of ensuring that Plaintiff never worked beyond the hours approved under the Medicaid prescribed assessment plan (this plan sets out the exact amount of weekly hours Plaintiff is permitted to work) and failing to contact the case manager to request approval for additional hours if needed.[2]

In fact, the documents Attorney Zidell references above[3] clearly indicate that Tania Quintero explicitly assumed this role as the employer's legal representative, and neither these documents nor PPL's Third-Party Complaint suggest any delegation of PPL's alleged responsibilities.  Such a mischaracterization of the facts and claims contained in the Third-Party Complaint cannot be countenanced.  Given that Attorney Zidell's entire opposition is based on his false premise, Attorney Zidell's remaining legal arguments in his opposition concerning joint employer liability are equally unconvincing and misplaced.

## III.    Conclusion.

For the reasons stated herein and in PPL's Motion to Disqualify, PPL respectfully requests that this Court enter an Order (1) granting its Motion to Disqualify Counsel; (2) disqualifying

---

behalf with full legal effect and to participate and aid them in carrying out their employer responsibilities. *See* 42 U.S.C. 1396n(i).

[2] PPL asserting claims against Tania Quintero as MC's legal representative is further reflected in the caption of this case clearly showing that PPL is suing Tania Quintero in "her capacity as Plaintiff's legal employer" rather than in her individual capacity.

[3] Attorney Zidell refers to these documents solely by docket entry rather than by document title, seemingly to avoid drawing attention to the fact that the title of these documents signed by Tania Quintero are explicitly titled **"Employer of Record Agreement"** and **"PDO Representative Agreement"**, respectively.

4

Jamie H. Zidell, Esq. as counsel of record for Tania Quintero; and (3) granting such further relief as this Cout deems necessary, just, and proper.

Date:    November 19, 2024                    **COZEN O'CONNOR**

By: */s/ Samuel B. Edelstein, Esq.*
   Samuel B. Edelstein, Esq.
   Florida Bar No. 1025382
   200 S. Biscayne Blvd., Suite 3000
   Miami, FL 33131
   Email: sedelstein@cozen.com
   Phone: 786-871-3961

   Walter M. Foster, Esq.
   Admitted *pro hac vice*
   200 State Street, Suite 1105
   Boston, MA 02109
   Email: WalterFoster@cozen.com
   Phone: 617-849-5012
   *Counsel for Defendant/Third-Party Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   */s/ Samuel B. Edelstein*
   Samuel B. Edelstein

5

LEGAL\74162835\1